UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremiah Ybarra, | Case No. 21-CV-2062 (ECT/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Kallis, | |
| Respondent. | |

Petitioner Jeremiah Ybarra is serving a term of imprisonment imposed in the United States District Court for the Western District of Texas for possession of a controlled substance with intent to distribute. *See* Petition at 1 [ECF No. 1].  In this habeas corpus proceeding, the fifth initiated by Mr. Ybarra in this District over the past year, Mr. Ybarra contends that the time that he has spent in prison has been especially difficult for him, and he asks that the Court take account of that difficulty by applying "hardship credit" to his sentence by modifying downward his term of imprisonment.  The petition for a writ of habeas corpus filed by Mr. Ybarra is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  As a result of that review, this Court

---

[1] Mr. Ybarra's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied here.  *See* Rule 1(b).

1

concludes that Mr. Ybarra cannot establish an entitlement to habeas corpus relief. Accordingly, it is recommended that the habeas petition be summarily denied.

Habeas corpus relief generally is unavailable unless the prisoner can establish that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In his habeas petition, Mr. Ybarra does not contend that his detention is *unlawful*; Mr. Ybarra does not argue, for example, that the sentencing court lacked authority to impose the term of imprisonment that it did, or that the Federal Bureau of Prisons ("BOP") has miscalculated his release date and therefore will detain him for too long.[2] Instead, citing cases arising under 18 U.S.C. § 3582(c), Mr. Ybarra argues that the Court should take into account that the conditions of his confinement have been more restrictive than anticipated due to the COVID-19 pandemic and should modify his sentence to give him an additional day removed from his sentence for each day served in prison. *See* ECF No. 2 at 2-3.

Mr. Ybarra's reliance upon cases arising under § 3582(c) is a mistake. As explained above, the writ of habeas corpus is reserved for ending *unlawful* detention. By contrast, § 3582(c) permits a sentencing court to modify a term of imprisonment

---

[2] Mr. Ybarra correctly points out in the memorandum supporting his habeas petition that "[a] Writ of Habeas Corpus pursuant 28 U.S.C. § 2241 is the proper means of challenging the BOP's calculation of an inmates [sic] sentence." ECF No. 2 at 3. But Mr. Ybarra does not allege that the BOP has miscalculated his sentence. There is no reason to believe that the BOP intends to detain Mr. Ybarra for longer than the sentence imposed in the Western District of Texas. Rather, Mr. Ybarra argues that the term of imprisonment should be modified and that the BOP should then apply that modified sentence.

on equitable grounds, such as where the recommended sentencing range for that prisoner's offense has subsequently been modified downward, *see* 18 U.S.C. § 3582(c)(2), or where "extraordinary and compelling reasons" warrant a sentence modification, *see* 18 U.S.C. § 3582(c)(1)(A). Relying on that second provision, sentencing courts have, indeed, modified terms of imprisonment under § 3582(c)(1)(A) to take account of the more-severe-than-anticipated conditions of confinement caused by the pandemic. *See, e.g.*, *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). But this Court is not Mr. Ybarra's sentencing court and thus has no authority to modify pursuant to § 3582(c) a sentence imposed in another venue. *See, e.g.*, *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020) ("[O]nly the sentencing court is authorized to reduce a term of imprisonment [under § 3582(c)]."); *Washington v. Warden Canaan USP*, 858 F. App'x 35 (3d Cir. 2021) (per curiam) (affirming dismissal of habeas petition where the "District Court noted that, insofar as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) was embedded in [the petitioner's] habeas petition, such a request needed to be directed to the sentencing court . . . ."). Only the Western District of Texas may reduce Mr. Ybarra's sentence on the grounds provided in § 3582(c).[3]

---

[3] A motion from Mr. Ybarra for compassionate release under § 3582(c)(1)(A) was filed by Mr. Ybarra in the Western District of Texas as recently as September 20, 2021, three days after this habeas proceeding was initated. *See United States v. Ybarra*, No. 4:16-CR-523, ECF No. 229 (W.D. Tex. Sept. 20, 2021). That motion remains pending. Two prior motions for compassionate release filed by Mr. Ybarra have

3

Mr. Ybarra also suggests that the Court should grant habeas corpus relief because the conditions of his confinement during the COVID-19 pandemic have amounted to cruel and unusual punishment in violation of the Eighth Amendment. *See* Petition at 7.  But habeas corpus is reserved for attacks on the legality of the *fact* or *duration* of confinement, not attacks on the *conditions* of confinement.  *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).  To the extent that Mr. Ybarra believes that he has been or is being detained in conditions not permitted by the Constitution — and Mr. Ybarra's allegations are largely conclusory in this regard — he must bring such a claim in a traditional civil proceeding, rather than in a habeas corpus proceeding.  This is because the relief available for conditions-of-confinement claims, "[i]f proved, is in the form of equitably-imposed restraint, not freedom from otherwise lawful incarceration." *Id.* at 471 (quotation omitted).  Put another way, should Mr. Ybarra establish that the conditions of his confinement are unlawful, then he is entitled to better conditions, but not to the habeas corpus remedy of hastening his release from detention.

For these reasons, it is recommended that Mr. Ybarra's habeas petition be denied. And the Court includes a word of caution: this is the fifth habeas proceeding initiated by Mr. Ybarra in this District over the past year. *See also Ybarra v. Kallis*, No. 20-CV-2091 (WMW/LIB); *Ybarra v. Kallis*, No. 21-CV-0993 (JRT/LIB); *Ybarra v.*

---

been denied in the Western District of Texas, as have Mr. Ybarra's motions for reconsideration of the denial of those motions.

*Kallis*, No. 21-CV-1396 (DSD/TNL); *Ybarra v. Kallis*, No. 21-CV-1846 (WMW/HB). "[T]he abuse-of-the-writ doctrine prohibits federal detainees from filing petitions raising claims that could have been raised in a prior habeas proceeding." *Mendez v. Kallis*, No. 20-CV-1084 (WMW/HB), 2020 WL 8083874, at *2 (D. Minn. Sept. 28, 2020). "[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1989). Although a federal prisoner may present claims in a subsequent petition that could not have been raised in an earlier habeas proceeding, he may not file a new petition merely because yet another new claim has occurred to him since his last habeas proceeding. Mr. Ybarra is therefore cautioned that he should ensure any claims raised in future habeas petitions could not have been raised in any of his five prior habeas petitions; failure to do so may result in a finding that those future habeas petitions constitute an abuse of the writ.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Jeremiah Ybarra be SUMMARILY DENIED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. This matter be DISMISSED.

3.  The motion in support of Mr. Ybarra's habeas petition [ECF No. 2] be

    DENIED AS MOOT.

Date: October 1, 2021                              *s/ Katherine Menendez*
                                                   Katherine Menendez
                                                   United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).