UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremiah Ybarra,                                              File No. 21-cv-02062 (ECT/KMM)

      Petitioner,

v.                                                            **ORDER ACCEPTING REPORT
                                                              AND RECOMMENDATION**

Warden Kallis,

      Respondent.

_____

      Petitioner Jeremiah Ybarra commenced this action pro se by filing a petition for a writ of habeas corpus. Pet. [ECF No. 1]; Mot. Supp. Pet. [ECF No. 2]. The case is before the Court on a Report and Recommendation [ECF No. 7] issued by Magistrate Judge Katherine Menendez. Magistrate Judge Menendez recommends summarily denying Ybarra's petition. R&R at 2, 5. Ybarra filed objections to the Report and Recommendation. ECF No. 8. Respondent filed a response to Ybarra's objections requesting that the Report and Recommendation be accepted. ECF No. 9. Because Ybarra has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

      The Court has undertaken that de novo review and has concluded that Magistrate Judge Menendez's analysis and conclusions are correct. As the Report and Recommendation explains, Ybarra's Petition seeks a modification of his sentence, which cannot be done here because, first, habeas corpus relief is generally unavailable to a person lawfully detained (Magistrate Judge Menendez understood Ybarra as not contending he is

unlawfully detained), and, second, this Court is not Ybarra's sentencing court (that would be the Western District of Texas) and so lacks the power to modify his sentence. R&R at 2–3. The Report and Recommendation also correctly explained that, to the extent the Petition seeks to raise a claim for cruel and unusual punishment in violation of the Eighth Amendment, such a claim must be brought in a traditional civil proceeding, not a petition for habeas corpus, and would not, if proved, entitle him to a shorter sentence. *Id.* at 4.

In his Objections, Ybarra seems to say that he is in fact challenging the computation of his sentence, and so a habeas petition in this Court is appropriate[1]: Ybarra states that he "request[ed] the BOP to recalculate his credit time to include the 'extreme lockdown'" he is experiencing and refers to legal authorities on seeking credit and computation of a sentence. Obj. at 1–2. If that's the case, then Ybarra's claim simply fails on the merits, as he has not established that the Bureau of Prisons has miscalculated his release date. Ybarra seeks "hardship credits" but without setting forth any legal authority (and the Court is not aware of any) that entitles him to such credit on his sentence. *See* Obj. at 2. The BOP cannot apply a credit Ybarra is not entitled to. Otherwise, as explained in the Report and Recommendation, an inmate seeking relief regarding difficult conditions of confinement may seek compassionate release (in his sentencing court) under § 3582(c) or bring a claim

---

[1] Respondent appears to view the argument in Ybarra's Objections as a request to modify his sentence, or perhaps an Eighth Amendment conditions-of-confinement claim. Resp. at 1–2. As explained above, that doesn't seem to be quite what Ybarra is saying in his Objections, though some of Ybarra's objections seem to point to the conditions-of-confinement claim. *See* Obj. at 1 (stating that "[i]t is not a normal way of doing a sentence under such circumstances" and citing, for example, lack of programming and food). Either way, Ybarra is not entitled to the habeas relief he seeks here.

for violation of the Eighth Amendment in a traditional civil proceeding. R&R at 2–3. (Nothing here is meant to suggest Ybarra would be successful in such proceedings; as Magistrate Judge Menendez noted, Ybarra has not been successful in several compassionate release motions in the Western District of Texas. *Id.* at 3 n.3.)

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 8] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 7] is **ACCEPTED** in full;

3. The Petition [ECF No. 1] is **DISMISSED WITH PREJUDICE**; and

4. Petitioner's Motion in Support of 2241 Petition [ECF No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 10, 2021          s/ Eric C. Tostrud
                                  Eric C. Tostrud
                                  United States District Court